UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEKU KALLON,
    Petitioner,

vs.

UNITED STATES ATTORNEY
GENERAL, et al.,
    Respondents.

Case No. 1:16-cv-1019

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner instituted this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in October 2016, when he was incarcerated at the Butler County Jail in Hamilton, Ohio. (*See* Doc. 1). Because petitioner has not paid the filing fee or submitted an *in forma pauperis* application, the undersigned issued a Deficiency Order on October 26, 2016 requiring him to either pay the $5.00 filing fee or submit a pauper application within thirty days. (Doc. 2). The copy of the Deficiency Order, which was sent to petitioner at the Butler County Jail, was returned as "not deliverable as addressed – unable to forward." (*See* Doc. 3). It, therefore, appears that petitioner is no longer confined at the jail.

Petitioner has not informed the Court of the change in his address, nor has he provided any update regarding his custody status. Because the Court is unable to serve the petitioner with the Deficiency Order, this matter cannot proceed. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Petitioner's failure to inform the Court of his change of address warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also*

Rule 12, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

It is **SO RECOMMENDED**.

Date: 11/18/16

Karen L. Litkovitz
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHEKU KALLON,
    Petitioner,

vs

UNITED STATES ATTORNEY
GENERAL, et al.,
    Respondents.

Case No. 1:16-cv-1019

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

cbc